# Sackett *v.* Fast, Appellant.

*Judgment—Opening of—Forgery—Estoppel—Evidence.*

1. If a person stands by and consents, either by words or impliedly, to his name being signed to a note and to the delivery of that note for value to one who believes the signature to be genuine, such person cannot thereafter escape liability on the ground that he did not sign the note nor give prior authority to someone to sign it for him.

2. Where the defendant in a confessed judgment petitions the court to open the judgment on the ground that his signature to the note was a forgery, and the plaintiff in answer avers that she expected to prove at the trial that the defendant signed the note, the plaintiff is not estopped from proving at the trial that while defendant did not sign the note himself, he permitted the note to be delivered knowing that his name had been signed by another person.

Argued April 21, 1909. Appeal, No. 157, April T., 1909, by defendant, from judgment of C. P. Fayette Co., June T., 1905, No. 84, on verdict for plaintiff in case of Louisa R. Sackett v. Francis M. Fast and Jacob Cover. Before RICE, P. J., PORTER HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Issue to determine the validity of a judgment. Before VAN SWEARINGEN, J.

The facts appear by the opinion of the Superior Court.

Plaintiff presented this point:

1. If the jury find that Jacob Cover stood by and saw Francis Fast hand the note in suit with his, Cover's, own name signed to the note with the name of Francis Fast as one of the makers thereof and saw Francis Fast deliver the same to W. C. Sackett, as representative of the plaintiff, and saw the said W. C. Sackett accept that note and deliver up to Fast the old note which was signed by said Francis Fast and Jacob Fast and made no objection thereto, it is immaterial whether the name of Jacob Cover was written to the new note by himself or by Fast. *Answer:* This point is affirmed if the jury believe that the defendant stood by and saw the note delivered under these circumstances, knowing his name to be signed to the note, and made no objection to its delivery. [2]

Defendant presented these points:

1. A forged instrument cannot be ratified by the party whose signature has been forged, and therefore no act, declaration, delay or omission on the part of Jacob Cover would make him liable on the note in suit, unless the jury finds from the evidence that, at the time of the making of the note, his name was signed to it by himself, or someone else by his authority. *Answer:* Refused. The law on this point is covered in our general charge. [3]

3. Unless the jury find from a preponderance of the evidence that Jacob Cover either signed or authorized the signing of his name to the note in suit, before the note was delivered to the plaintiff, the note is a forgery and the verdict must be for the defendant. *Answer:* Refused. The law on this point is covered in our general charge. [4]

4. The burden is on the plaintiff, and remains on the plaintiff, throughout the whole case, to satisfy the jury by a preponderance of the evidence that Jacob Cover either signed the note in suit, or authorized the signing of his name to said note, before it was delivered to the plaintiff, and unless the jury finds from a preponderance of the evidence that Jacob Cover did so sign or authorize the signing of said note, the note is a forgery and the verdict must be for the defendant.

*Answer:* Refused. The law on this point is covered in our general charge. [5]

The court charged the jury in part as follows:

[Ordinarily when a person's name is forged to an instrument that forgery cannot afterwards be ratified by the person whose name has been forged, but in this case as we have already said, even if you should believe that the name of Jacob Cover was signed to this note by some person other than himself and without authority at the time the name was signed, if you believe that the incident testified to by Mr. Sackett actually occurred and that Jacob Cover stood by in his own home knowing that his name was upon this note, and allowed it to be delivered to Mr. Sackett, as the representative of Miss Sackett, without making any objection thereto, then he would be bound by that signature and your verdict should be for the plaintiff in this case.] [6]

Verdict and judgment for plaintiff for $1,216.36. Defendant appealed.

*Errors assigned* were (2–6) above instructions, quoting them.

*C. C. Higbee,* of *Sterling, Higbee & Matthews,* with him *John S. Christy* and *H. S. Dumbauld,* for appellant.—The plaintiff could not recover without proof that the defendant signed the note: Ravenswood Bank v. Reneker, 18 Pa. Superior Ct. 192; Fyan v. Cessna, 10 Atl. Repr. 29; Allen v. Nat. Bank, 10 W. N. C. 188; Romans v. State, 37 N. E. Repr. 1040; McHugh v. Schuylkill County, 67 Pa. 391; Harris v. Harris, 154 Pa. 501; Shannon v. Castner, 21 Pa. Superior Ct. 294.

*H. F. Detwiler, Robinson, McKean & Martin* and *D. M. Hertzog,* for appellee.—He, Cover, stood by, after agreeing to sign it, and saw Fast sign his, Cover's, name, to it and deliver it to Sackett. It is not disputed on the part of the appellant that, if either the first or second condition existed, Cover is bound. The claim of the appellee is that he is just as fully bound by the third condition. And that is the question involved in the

affirmance of plaintiff's point which forms the basis of the second assignment of error: Fitzpatrick v. Engard, 175 Pa. 393; Gardner v. Gardner, 59 Mass. 483; Howie v. Lewis, 14 Pa. Superior Ct. 232.

OPINION BY MORRISON, J., July 14, 1909:

The plaintiff caused a judgment to be entered on a promissory note containing a warrant of attorney to which the names Francis M. Fast and Jacob Cover were signed. Cover presented a petition and later a supplemental petition averring that the said note was a forgery as to him and prayed that the judgment might be opened. The plaintiff filed an answer in which she averred that she expected to be able to prove at the trial that Cover signed the note. The court below subsequently made the following order: "After due consideration of the testimony, the rule is hereby made absolute and the judgment is opened as to Jacob Cover to permit him to make his defense. The note on which judgment was confessed to stand as the statement or narr. and the petition and supplemental petition to stand as an affidavit of defense. Let the defendant enter his plea. Same day defendant pleads non assumpsit."

On the trial of the issue the jury found a verdict in favor of the plaintiff and the learned court refused a motion for a new trial and entered judgment on the verdict, and from that judgment Cover appealed. Counsel for appellant states the question involved as follows: "In a feigned issue to determine whether a note is a forgery it is error for the court to instruct the jury that the plaintiff is entitled to recover in any one of three events: 1. If the defendant signed the note. 2. If he authorized someone to sign it for him. 3. If he permitted the note to be delivered, knowing that his name was written thereon and to refuse to instruct that the verdict should be for the defendant unless the jury found that the defendant signed the note or authorized someone to sign it for him.

"Such instruction is also erroneous when the plaintiff in a pleading filed by her, under a rule of court, admitted that defendant did not authorize the signing of the note."

The learned counsel concedes in his argument that if the de-

fendant signed the note or authorized someone to sign it for him, he is liable. But he takes issue with the court on the proposition that: "If Cover stood by and saw Francis Fast hand the note in suit with his, Cover's, own name signed to the note with the name of Francis Fast as one of the makers thereof and saw Francis Fast deliver the same to W. C. Sackett, as representative of the plaintiff, and saw the said W. C. Sackett, accept that note and deliver up to Fast the old note which was signed by said Francis Fast and Jacob Fast and made no objection thereto, it is immaterial whether the name of Jacob Cover was written to the new note by himself or by Fast." The court affirmed the above proposition, which was plaintiff's point, as follows: "This point is affirmed if the jury believe that the defendant stood by and saw the note delivered under these circumstances, knowing his name to be signed to the note, and made no objection to its delivery." In our opinion, there being evidence from which the jury could find the facts assumed in the point, the court correctly stated the law in the affirmance thereof.

The learned counsel for appellant raises the question by defendant's first point that a forged instrument cannot be ratified by the party whose signature has been forged. But if the facts were as stated in the plaintiff's point, there was no question of forgery in the case. Suppose that Francis M. Fast did make the note and sign his own name and that of Jacob Cover to it without Cover being present or having any knowledge of it and then Fast presented the note to Cover and procured his consent to the delivery of the note to the plaintiff's agent and Cover saw it so delivered, there would be no forgery in such a transaction and Cover's approval of it before there was any intention or attempt to fraudulently deliver the note would exclude any attempt to ratify a forgery. But the present case does not require going to the extent stated in the above supposition because the evidence warranted the jury in finding that the note was made in the presence of W. C. Sackett, agent for plaintiff, Francis M. Fast and Jacob Cover and that Cover knew it was to be delivered for the benefit of the plaintiff and actually saw it delivered to her agent in exchange for the other note. If

the jury found the latter to be the true transaction, then there was not a shadow of forgery in it and Cover was bound as effectually as if he had taken the pen in his own hand and signed the note and then delivered it himself. Of course the jury either found that the transaction was as above stated or that Cover signed the note or gave prior authority to someone else to sign it for him. In either event Cover was bound beyond all question.

We are surprised to hear able counsel contend that if a man stands by and consents, either by words or impliedly, to his name being signed to a note and to the delivery of that note for value to one who believes the signature to be genuine, that such person can thereafter escape liability on the ground that he did not sign the note nor give prior authority to someone to sign it for him. We think the law is not so: Fitzpatrick v. Engard et al., 175 Pa. 393.

In Story on Agency, sec. 51, it is said: "If the principal is present and verbally or impliedly authorizes his agent to fix his name to a deed it becomes the deed of the principal and is as much binding on him as if he had personally sealed and exccuted it." See also Meacham on Agency, sec. 96, citing many American and English cases; also Gardner v. Gardner, 59 Mass. 483. But under the evidence the jury could find a state of facts which would estop Cover from denying that he signed the note. "If one by his acts, or silence, or negligence, misleads another, or in any manner effects a transaction whereby an innocent person suffers loss, the blamable party must bear it:" Story's Equity Jurisprudence, secs. 386, 387. See also Howie v. Lewis, 14 Pa. Superior Ct. 232.

The appellant's counsel contends on a very fine technical theory evolved for this case that the plaintiff could not recover without proving that Cover signed the note because of what is called an admission in her answer to Cover's petition and supplemental petition. In considering this question it should be borne in mind that the plaintiff did not pretend to have any personal knowledge of what took place at the time the note was made and delivered to her agent. In her answer she said: "That she did not see Jacob Cover sign the note but was sure he

did and expects to be able to prove it at the hearing on the rule or the trial of the case if the judgment is opened, and that the note was accepted solely on the credit of the signature of Cover." Under this averment of the plaintiff the learned counsel gravely argues that the only question which ought to have been submitted to the jury was, Did the defendant sign the note? That is to say, because the plaintiff made answer on information and belief that Cover signed the note and being unable to prove that, then she should have been denied the right to prove the actual facts, governing the making and delivery of the note, which as effectually bound Cover as if he had signed it himself. We think this proposition is entirely too sharp and technical to be adopted by a court of justice in the trial of a case like the one under consideration. Moreover, this position being taken under a rule of the court below, we are quite willing to follow the disposition of that question adopted by that court. In disposing of the motion for a new trial the learned judge said: "The note having been taken as the narr. the plaintiff was at liberty to establish the binding effect of it on the defendant, Cover, by whatever evidence was competent for that purpose. Defendant pleaded the general issue. The answer filed by plaintiff to the rule to show cause why the judgment should not be opened, did not constitute any part of the pleadings as designated by the court, and had nothing to do with the case at the time of trial." We may add that the way the judgment was opened and the issue made up placed the burden of sustaining the execution of the note by Cover on the plaintiff, and to maintain this issue she was at liberty to offer any competent evidence, and we think she maintained this issue by producing evidence which warranted the jury in finding in her favor. We think the case was very fairly tried and presented to the jury by the learned court below, and from an examination of the testimony we are led to the conclusion that under the clear instructions of the court the jury found a correct verdict.

The assignments of error are all dismissed and the judgment is affirmed.